AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) |
| --- | --- |
| v. | ) |
| Michael Rivera | ) Case No. **22-544 MJ** |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 2021 - March 2021** in the county of **Grant** in the State and District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2251(a) & (e) | Production and attempted production of child pornography. |
| 18 U.S.C. § 2422(b) | Enticement and attempted enticement. |

This criminal complaint is based on these facts:

I further state that I am a Homeland Security Investigations Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

*Complainant's signature*

Alan Gonzalez-HSI Special Agent
*Printed name and title*

Sworn to *telephonically* ~~before me and signed in my presence.~~

Date: 04-07-2022

*Judge's signature*

City and state: Las Cruces, New Mexico

Honorable Kevin R. Sweazea
*Printed name and title*

## Affidavit

1. I, Special Agent Alan Gonzalez, your Affiant, have been a Special Agent with the Department of Homeland Security (HSI) since September 2020. During my tenure with HSI (formerly Immigration and Customs Enforcement), I have been classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned as a criminal investigator for the Resident Agent in Charge, Deming, New Mexico. Prior to my current position, I was a Border Patrol Agent for fourteen (14) years and was stationed at the Santa Teresa, New Mexico Border Patrol station. During the course of this investigation, I have consulted with other HSI SAs and other law enforcement detectives and officers who have extensive experience investigating Internet crimes against children including: child trafficking, abusive images of children (child pornography); and enticing children to engage in illegal sexual acts. I have conducted numerous state and federal investigations and received training, education, and have experience with the identification and investigation of child exploitation crimes. I have been personally involved with the execution of search warrants to search electronic devices and seize materials relating to the exploitation of children and have obtained arrest warrants in child exploitation investigations.

2. The information set forth in this affidavit was derived from my own investigation and/or communicated to me by other sworn law enforcement officers. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, your affiant has not included each and every fact known to me concerning this investigation. Your affiant has

set forth only those facts that your affiant believes are necessary to establish that probable cause to support a criminal complaint against Michael Rivera for production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) & (e), and enticement and attempted enticement, in violation of 18 U.S.C. § 2422(b).

### Relevant Statutes

3. Title 18 U.S.C. §§ 2251(a) and (e) make it a federal crime for "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, or attempt to do so, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed." Subsection (e) of the statute also criminalizes an attempt to engage in the conduct described above.

4. Title 18 U.S.C. § 2422(b) makes it federal crime for "[w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or

coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

## Details of the Investigation

5. On January 9, 2022, a deputy with Grant County Sheriff's Office received a phone call from an adult female, (hereinafter Witness 1), the mother of a thirteen-year-old minor (hereinafter MV1). Witness 1 stated that another female, the aunt of the MV1 (hereinafter Witness 2), had concerns that Witness 2's 31-year-old ex-boyfriend, Michael Rivera, had been molesting MV1. To confirm her suspicions, Witness 2 secretly recorded a conversation between Rivera and MV1 on March 23, 2021. In the recording, Rivera and MV1 can be heard talking about their ages and flirting and laughing. At one point, Rivera can be heard saying, "touch it." Later, JV can be heard talking about "it" being "big."

6. Following that phone call, Grant County Sheriff's Deputies arranged a meeting with Witness 1 and Witness 2 at Witness 1's home in Silver City, New Mexico. During that meeting, Witness 2 explained how she obtained the recording and detailed the sexual content contained in the recording. Witness 2 noted that after she confronted Rivera and MV1 about the recording, Rivera began threatening her not to tell anyone. Witness 2 also described a previous incident from approximately six months ago where she witnessed Rivera place his hand on the MV1's buttocks.

7. On January 11, 2022, a safehouse interview was conducted of MV1. During that interview, MV1 denied that any sexual contact between she and Rivera had occurred.

3

MV1 was immediately defensive of Rivera. She stated, *inter alia*, that she and Rivera were very close and that she understood him better than her aunt. MV1 did admit that she and Rivera were talking about being together, but she maintained that was a reference to the future. MV1 claimed it was just talking and no touching. According to MV1, she and Rivera had known each other for two years. During the interview, MV1 did admit that she and Rivera had a sexual conversation two days prior to when her aunt recorded her and Rivera talking. MV1 also stated she and Rivera would talk on the phone, but did not text much.

8. The following day, MV1 was interviewed again. During that interview, MV1 stated that a few days before the video (which was taken on March 23, 2021), she went for a ride with Rivera in his car. At some point during the ride, Rivera stopped at a gas station and bought two shots of Kinky[1] to give to MV1. According to MV1, she took the shots and Rivera did not drink any himself. Rivera then pulled over his car and began kissing MV1. MV1 was twelve-years-old at the time. Rivera took his pants and underwear off, and MV1 took her pants and underwear off, and they started having sex. MV1 stated that Rivera "pulled out" so that he did not ejaculate inside of her. MV1 stated that she went home and cried and did not tell anyone about it because she liked Rivera and she did not want to ruin his life. Additionally, Rivera asked her not to tell anyone because he did not want to get in trouble.

9. During that interview, MV1 also stated that Rivera started requesting that MV1 send naked pictures of herself to his phone. MV1 stated these requests happened over the phone and she stated that she took and sent Rivera the pictures, as requested, which

---

[1] Kinky is a flavored liqueur.

included a picture of her vagina. At a later date, law enforcement asked MV1 how she sent the pictures to Rivera. MV1 stated she texted the pictures to Rivera's cell phone.

10. On January 19, 2022, Deming Homeland Security Investigation agents seized two cell phones, one belonging to Witness 2 and one belonging to MV1, from a detective with Grant County Sherriff's Office. The detective had obtained a state district court search warrant for both phones. A forensic examination was conducted on both phones. The video recorded by Witness 2 referenced above was located on her phone. Additionally, forensic examination of the cell phone belonging to MV1 revealed several sexually explicit images and three sexually explicit videos of MV1. Seven of the images retrieved are close ups of MV1's genitals and one is a close up of MV1's bare breasts.

11. So far, law enforcement has not been able to locate any written communications between MV1 and Rivera on MV1's phone. During MV1's safehouse interview, she stated that she had not spoken to Rivera in a long time. MV1 was confronted by family members with allegations of a sexual relationship far in advance of her phone being seized and searched. In your affiant's training and experience, it is very common for minor victims to erase communications between themselves and a sexual abuser when they are confronted with allegations. This is done for a variety of reasons. First, young offenders often feel guilty when abuse is discovered. Second, young offenders often develop emotional feelings for those that abuse them and do not want those individuals to get into trouble. This is borne out by MV1's statements in her second interview that she did not initially tell anyone that Rivera had sex with her because she did not want to ruin his life. Though no communications were found between MV1 and Rivera, the pictures that were found corroborate MV1's statements about the pictures she took at the request of Rivera.

12. MV1's phone, which is the phone used to communicate with Rivera when he asked for sexually explicit photos as well as the phone used to take and send the photos, is an iPhone XR. I know from my training and experience that iPhone XRs are primarily manufactured in India and/or other countries in east and southeast Asia. I know there are no iPhones that are manufactured in New Mexico.

13. On April 6, 2022, HSI executed a federally obtained search warrant at the residence where Rivera is living. Rivera elected his right to remain silent and he was arrested and taken into custody.

## Conclusion

14. Based on all of the above information, your affiant submits there is probable cause to believe that Michael Rivera committed production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) & (e), and (b)(1), and enticement and attempted enticement, in violation of 18 U.S.C. § 2422(b).

15. Prosecution of Michael Rivera was approved by Assistant United States Attorney Marisa A. Ong.

_____
Alan Gonzales, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 7 day of April 2022.

Honorable Kevin R. Sweazea
United States Magistrate Judge