IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 22-CR-1561 MIS |
| ) | |
| vs. ) | |
| ) | |
| **MICHAEL RIVERA** ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S SEALED MOTION IN LIMINE, OBJECTION AND REQUEST TO EXCLUDE GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER SEXUAL ASSAULTS**

The United States hereby responds to Defendant's Sealed Motion in Limine, Objection and Request to Exclude Government's Notice of Intent to Offer Evidence of Other Sexual Assaults under Federal Rules of Evidence 414 and 404(b) (Doc. 79) filed on June 8, 2023. The United States has already addressed the bulk of Defendant's arguments in its Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414 and 404(b) (Doc. 71). However, the United States is compelled to respond to Defendant's present motion. As explained below, Defendant's objections are unfounded and run contrary to the Federal Rules of Evidence. The United States should be allowed to present evidence regarding Defendant's prior similar molestation crimes.

**I.   BACKGROUND**

On May 31, 2023, the United States filed a notice of intent to introduce evidence of Defendant's prior child molestation as intrinsic evidence to the crimes charged, and alternatively pursuant to Federal Rules of Evidence 414 and 404(b). Doc. No. 71. Defendant describes this proposed evidence as "varied amounts of prior allegations" that the United States has "conjured

1

together to confuse the jury and prejudice the Defendant." Doc. No. 79 at p. 1. On the contrary, the United States informed the defense and the Court that it intends to offer evidence of *one specific prior act* of child molestation, as well as evidence of the defendant's grooming behavior towards Jane Doe which occurred over a span of approximately two years. The United States argued that evidence of such activity, the most serious of which (the actual sex act) occurred only a few months prior to the charged offenses, is properly admissible as intrinsic evidence because it is inextricably intertwined with the charged conduct. Doc. 71 at p. 4. The United States noted that Rivera's grooming of Jane Doe and the prior child molestation are directly connected to the factual circumstances of the crimes charged as it provides contextual background to the jury about how Rivera's relationship with Jane Doe evolved to the point that the two began regularly talking on the phone for hours at a time during which conversations Rivera urged Jane Doe to take naked photographs of herself that would constitute child pornography. *Id.* at p. 5.

The United States also argued that the evidence could come in under FRE 414 because Defendant is presently accused of a child molestation offense under FRE 414(d) (because a violation of 18 U.S.C. § 2251(a) is conduct prohibited by 18 U.S.C. chapter 110). *Id.* at 10-11. Lastly, the United States argued that the evidence would also be admissible under FRE 404(b) as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* at 16.

Defendant has now filed a Motion in Limine to exclude this evidence of Defendant's multi-year grooming behavior and prior sexual predation towards Jane Doe.

## II.     ARGUMENT

Tellingly, nowhere in Defendant's Motion does he address the United States' argument that the proposed evidence is intrinsic to the presently charged crimes. The United States therefore assumes that Defendant agrees it is intrinsic and has no objection to the Court admitting the evidence on that ground.

Turning to other arguments, relying mostly on FRE 403, Defendant claims that evidence of Defendant's prior sexual misconduct is "unreliable, serves no corroborating purpose," and "any value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury."  Doc. 79 at p. 2.  None of these concerns justify excluding evidence of Defendant's prior similar crimes.

### 1. Defendant's Argument that the Evidence is Unreliable

Defendant's primary argument seems to be that evidence of Defendant's prior sex act with Jane Doe and his grooming of her is unreliable and witness testimony regarding the prior sexual misconduct would not be credible.  Defendant makes a lot of noise about the fact that the allegations are based largely on Jane Doe's own statements, complaining that "[Jane Doe] corroborates [Jane Doe]."  Doc. 79 at p. 5.  That is simply not true.  Jane Doe's aunt, suspicious that Defendant had sexual contact with Jane Doe, filmed a secret video of Jane Doe and Defendant having a conversation.  In that conversation, the two can clearly be heard flirting and discussing when Jane Doe turns 18.  According to Jane Doe, in that conversation they also discussed the night they had sex.[1]

---

[1] Admittedly, the sound on the video is hard to discern at times.  What is clear from listening to the video is that Defendant, who was then 30 years old, was acting extremely inappropriately with the then 12-year-old Jane Doe.

3

Moreover, Defendant's argument that Jane Doe's disclosure is unreliable is unfounded. As FBI Supervisory Special Agent Daniel O'Donnell will explain in his expert testimony, delayed disclosure of childhood sexual abuse is common. Fear of not being believed, shame attendant with the abuse, the victim's lack of realization that what occurred was sexual abuse, feelings for the offender, and fear that something negative may happen to the offender are all reasons why a child victim might not share details of their abuse to family members, friends, or other individuals. Defendant's contention that Jane Doe's statements about the sexual abuse are "highly suspicious in their credibility" because she did not disclose the abuse to her school friends, family members, her boyfriends, or other people is outrageous. What 12-year-old girl would want to disclose to her friends and family that a 30-year-old man groomed her, then gave her alcohol, took her to a secluded location, had sex with her (taking her virginity), then told her not to tell anyone or he could get in a lot of trouble?[2] Additionally, Jane Doe disclosed in her second safehouse interview that she was scared to tell anyone what had happened because she didn't want Defendant's son to be without a father. Under those circumstances, it is not surprising or suspicious that Jane Doe never told anyone for months.

Moreover, the fact that Jane Doe's disclosure came around the time of a breakup between her aunt and the defendant means nothing when assessing the credibility of evidence related to Defendant's prior sexual misconduct. After Jane Doe's aunt reported suspicions about Defendant's sexual activity with Jane Doe, thereby triggering the first safehouse interview of

---

[2] Defendant alleges that there is "no evidence that [Jane Doe] was ever threatened by the defendant either during this alleged uncharged sexual assault, nor in the text communications that are alleged." Doc. 79 at p. 5. That is inconsistent with Jane Doe's statements in her second safehouse interview, as well as testimony the United States anticipates Jane Doe will provide at trial.

Jane Doe, Jane Doe declined to disclose any information about Defendant's sexual abuse. It was only after Jane Doe's phone was seized by police that she finally disclosed the abuse in a second safehouse interview, noting in a letter to her mother beforehand that she knew police would find evidence of Defendant's conduct on her phone. It is preposterous to paint Jane Doe's disclosure and evidence of Defendant's prior sexual abuse as part of some plot by "a vengeful ex-girlfriend, [Jane Doe's] aunt," who was "determined to victimize her niece and villainize [sic] the defendant." Doc. 79 at 6. The much, much more likely scenario is that a young child who was sexually abused by an adult man she deeply cared about kept the information to herself as long as she possibly could, only disclosing the abuse when it became apparent that law enforcement would find out anyway. That does not render the evidence unreliable.

Also very troubling is Defendant's suggestion that evidence of the prior sexual misconduct is not credible because Jane Doe continued to spend time with her aunt and Defendant "despite, after the alleged sexual assault, being so affected she was brought to tears and stopped communication with the defendant." Doc. 79 at p. 5. Again, we are talking about a 12-year-old girl who lost her virginity to a 30-year-old man who had groomed her for over a year. Jane Doe will testify that following the sex, she was in pain, she felt guilt, and she had not wanted to have sex with Defendant that night. At the same time, Jane Doe thought Defendant was her best friend, they were confidantes, and she had spent a lot of time with the defendant and her aunt in the months leading up to the sexual abuse (in large part because of troubles Jane Doe was experiencing at home with her own mother). Jane Doe is allowed to be affected by that traumatic experience and still want to spend time with the defendant and her aunt afterwards. That she did so is not proof that she made up allegations about the defendant.

Lastly, Defendant incorrectly asserts that there was "no investigation into any of [Jane Doe's] uncharged allegations of sexual assault." Doc. 79 at p. 7. That statement completely ignores the fact that local law enforcement officers with the Grant County Sheriff's Office *did* conduct an investigation into the allegations, including obtaining various search warrants. That investigation resulted in New Mexico state charges against the defendant for two counts of Criminal Sexual Penetration in the First Degree (Child Under 13) and one count of Contributing to the Delinquency of a Minor. *See* Doc. 5, PTS Report, at p. 5. Further, as Detective Jason Jordan will testify to, law enforcement found the allegations credible to the point they passed on the investigation to federal law enforcement officers with Homeland Security Investigations. For Defendant to claim there was no investigation, and therefore the evidence is unreliable, is wrong at best and misleading at worst.

2. **Defendant's Argument that the Evidence Serves No Corroborating Purpose**

Defendant argues that there are "two types of uncharged acts at hand, the sexual assault in March of 2021, and numerous phone calls. As to both groups of evidence, if believed, [Jane Doe's] testimony would show that the defendant has a propensity to sexually abuse her, it does nothing to bolster [Jane Doe's] credibility regarding the indictment allegation—the critical issue in the case." Doc. 79 at p. 5. Defendant misunderstands both the nature of the evidence the United States seeks to introduce and how it relates to the conduct charged in the indictment.

As an initial matter, Defendant is correct that one category of evidence the United States seeks to introduce is the defendant's prior sexual abuse of Jane Doe that occurred in March of 2021. However, the second category of evidence is not simply "numerous phone calls." It is a range of grooming behaviors that Defendant exhibited towards Jane Doe. While this does include the defendant's many phone calls with Jane Doe, it also includes other behavior designed

to establish a connection with Jane Doe, fill the needs and exploit the vulnerabilities of Jane Doe, and lower Jane Doe's inhibitions—all behaviors that FBI Supervisory Special Agent Dan O'Donnell will explain can contribute to the grooming process.

Evidence of Defendant's grooming behaviors towards a child whom he eventually asked to produce child pornography to send to Defendant is certainly corroborating.  The fact that Defendant began a process to manipulate a child victim to gain access to her, build trust with her, and form a sexual relationship with her makes it all the more likely that he eventually asked for and obtained child pornography from the same victim.  Same goes for the incident of sexual abuse.  The fact that Defendant sexually abused a child victim makes it more likely that he asked the same victim for child pornography.

Importantly, the United States anticipates that part of Defendant's defense will be that he did not have sole access to the phone or phone number that was used to entice Jane Doe to take and send the images and videos alleged in the indictment.  Essentially, Defendant's defense will likely be that it wasn't him communicating with Jane Doe.  In that case, the fact that the *defendant himself* had sex with Jane Doe a mere few months before the first conduct alleged in the indictment, and engaged in grooming behavior with Jane Doe leading up to and during the same time period, is incredibly corroborative of the theory that Defendant later asked Jane Doe for child pornography.  It makes it highly unlikely that, though Defendant groomed and sexually abused Jane Doe, it was someone else entirely who communicated with Jane Doe and asked for and received child pornography.

The United States maintains that evidence of Defendant's prior sexual misconduct serves a very high corroborative purpose and thus the Court should not entertain Defendant's objection.

3. **Defendant's Argument that the Probative Value of the Evidence is Substantially Outweighed by Dangers of Unfair Prejudice**

Defendant seems to characterize the evidence of prior sexual misconduct as "a clear desperate attempt to create bias in the hearts and minds of the jurors by hearing of a possible sexual penetration of a minor," further noting that "it is beyond question that evidence offered, in a case such as this resting largely on circumstantial evidence and credibility, would result in a powerful desire on the part of the jury to convict based only on the uncharged allegation." Doc. 79 at p. 6.   That is not so.

As acknowledged in the United States' Notice (Doc. 71), the United States is aware that the grooming and sexual contact with Jane Doe is highly incriminating and touches on a sensitive topic: the sexual abuse of children. It does not follow, however, that the evidence is so unfairly prejudicial that it substantially outweighs the evidence's probative value.  While a jury probably would rely partially on evidence of Defendant's prior sexual misconduct to convict him, it is not "beyond question" that that conviction would be based solely on the uncharged prior conduct.  Instead, especially with a limiting instruction, the jury will more likely consider that evidence either as intrinsic to the crimes charged, proper propensity evidence under FRE 414, or evidence of Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident under FRE 404(b).

As discussed above and in the United States' Notice, evidence of Defendant's prior grooming and sexual abuse is highly probative and corroborative of the alleged criminal activity in the indictment.  The United States provides a heavily detailed analysis of the evidence under Federal Rules of Evidence 403, 404(b), and 414 in its Notice, so the present response need not

repeat the same; but in sum, the probative value of the evidence is not substantially outweighed by the dangers of unfair prejudice and the Court should allow the evidence.

### III. CONCLUSION

Defendant has entirely failed to demonstrate that the evidence of Defendant's grooming and prior sexual abuse of Jane Doe is unreliable, serves no corroborative purpose, or is so unfairly prejudicial it substantially outweighs the evidence's probative value. The Court should decline to grant Defendant's requests, deny his objections, and allow the United States to present the above-described evidence as intrinsic to the crimes charged, and alternatively, pursuant to FRE 414 and FRE 404(b).

Respectfully Submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

***Electronically filed on 6/23/2023***
MARISA A. ONG
R. ELIOT NEAL
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Mexico 88011
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
R. ELIOT NEAL
Assistant United States Attorney