IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITES STATES OF AMERICA,

    Plaintiff,

vs.                                                                No. 2:22-cr-01561-MIS

MICHAEL RIVERA,

    Defendant.

**DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL UNDER RULE 29 OR MOTION FOR NEW
TRIAL UNDER RULE 33 FED. R. CRIM. PROC.**

    Defendant Michael Rivera, by and through undersigned counsel, files this his motion for a rule 29 motion for acquittal and Rule 33 motion for new trial.

    Defendant was convicted by a jury on July 11, 2023. ECF. No. 145. The trial on the merits in this matter began on July 6, 2023, with testimony on July 7 and 10. The Government called several witnesses, two of whose testimony is the basis for this motion.

    **I.    Background.**

    Michael Rivera was charged in a superseding indictment on June 27, 2023. ECF. No. 121. The Government supported those charged offenses with challenged expert testimony. The Court held a Daubert hearing on July 5, 2023. At that hearing the Court heard the testimony of Task Force Officer Max Weir and Federal Bureau of Investigation Special Agent Sean Macmanus ("SA"). The Court after the Daubert hearing overruled the filed challenges to the experts in a minute order relying on reasoning articulated on the record at the hearing. ECF. No. 134.

    At the trial on the merits the Government called SA Macmanus to testify about the cell phone records. He testified to various facts; was subject to cross examination and testified to facts

that were contradicted by documents provided by Verizon. He further testified outside the presence of the jury to facts that his opinion had been supplemented or changed since the Daubert hearing because he had called a unidentified employee at Verizon and was relaying what he had been told to support his opinion that formed the basis of previously admitted Government Exhibit 24.

Government Exhibit 24 was a summary that was admitted over the defendant's objections. It was a summary of communications that was offered by the Government on the ultimate issue of whether the pornographic images were transmitted on the two days covered in the indictments Counts 2 and 3. This was a central issue in the case. SA Macmanus testified as an expert having created this document from the underlying records that the Government objected to the admission of for the jury. The summary chart did not have the type of video that matched the video from the government's evidence. Further it did not have the same size as having been transmitted as the cell phone records showed in Defendant's exhibit 240. SA Macmanus explained that he did not have any document or training that would support testimony contrary to the records, but a call to a Verizon employee had told him that it was possible that the file could have changed from the file in the Governement's exhibit 22 to match what was reflected in the Verizon record admitted as Defendant's exhibit 240. There was no other basis provided than the opinion that the change in file type and size as reflected on the document from Verizon.

Further, in exploring the basis for the change in file type and size that was transmitted, defense counsel asked SA Macmanus about the records he had reviewed. Government's Summary Exhibit 240 was created from documents produced to the defense as DISC 792- that were obtained by a subpoena from Verizon. Counsel asked SA Macmanus if he had examined the records for the Complaining Witness, he stated he had, those were not admitted at trial, but similarly do not reflect

2

the file type and size that was Government's 22.[1]

Additionally, after SA Macmanus had testified that the change in file type was possible, but was only supported by a theory provided by Verizon, the Government recalled Task Force Officer Weir who testified that he conducted an experiment that was helpful as a theory to the United States, but had not reviewed how that information was shown or conveyed by Verizon.

II.     **Argument and Authorities.**

a.  **Testimony violated FRE 702.**

Federal Rule of Evidence (FRE) 702 provides for testimony that is based on the "knowledge, skill, experience, training or eductation of an individual" that will assist the finder of fact in reaching a decision. To be admissible expert testimony under FRE must meed five requirements-

1. The expert must be qualified;
2. It must be helpful to the trier of fact FRE702(a);
3. It must be based on "sufficient facts or data" FRE702(b);
4. It must be the product of "reliable principles and methods" FRE702(c); and
5. The expert must have "reliably applied the principles and methods to the facts of the case. FRE702(d).

A witness under *Daubert v. Merrell Dow Pahrmaceuticals, Inc.*, 509 U.S. 579, 592 (1993), noted that it does not have to be based on the experts firsthand knowledge of observations. However, the concern in the instant case is that the Governemnt proffered, offered and had SA Macmanus admitted as an expert to solely testify about an opinion that he had received based on information provided from a Verizon employee. He did not have a way of testifying that, applying that to the records he testified about and did not have any, much less sufficient facts or data about his theory

---

[1] The file size and type is reflected on Defendant's Exhibit 238.

3

of why the data was different from what Defendant's 238 showed on Defendant's 240. SA Macmanus repetition of the "possible" theory was not a basis for his opinion, it was solely the transmission of an unnamed Verizon employee's opinion. There was no facts or data provided separate and apart by SA Macmanus for the basis of his opinion and therefore that is an impermissbile reason to allow the admission of his testimony. *See United States v. Mejia,* 545 F.3d 179 (2d Cir. 2008). In that case, the Second Circuit held that the Agent did not analyze his source materials so much as repeat their contents," id. at 208, the same as SA Macmanus did with the employee's information.[2]

### b. Testimony was more prejudicial than probative.

Additionally, the testimony of SA Macmanus that it was possible that Government's 22 had been sent as reflected by the records shown by Governemnt's 24 was prejudicial. Further this prejudicial testimony was similar to the iconology testimony that was offered and admitted in *United States v. Medina-Copete,* 757 F.3d 1092 (10th Cir. 2014). In that case the Tenth Court of Appeals vacated and remanded the matter when the indivdual's experience did not assist the jury, and his opinion was not based on the proper application of reliable principles and methods. Id. at 1105. Here the Government offered SA Macmanus to testify and provide "expert" information about Government's 24. This was simply an inaccurate summary of Defendant's 240. As stated in Defendant's objection to SA Macmanus in ECF. 89 *United States v. Guzman-Dominguez*, No. 2:16-cr-00580-RB, 2016 U.S. Dist. LEXIS 192066, at *50-51 (D.N.M. July 1, 2016) held that evidence of cell phone records did not require an expert opinion. However SA Macmanus was offered and admitted, however his opinion on a highly contested and material issue consisted of an unsupported "possibly".

### c. Experiment was more prejudicial than probative and confusing.

---

[2] Counsel objected, and asked for the name of the employee and a continuance, which were both denied. That information and time must be provided. *See United States v. Lawson,* 633 F2d 299 (7th Cir. 1981)(holding "without such access [to the information that forms the basis] effective cross examination would be impossible. Id. at 302.

Defendant further objects to the experiment that was testified to by TFO Weir. This was misleading but makes the defense point about SA Macmanus, we don't and SA Macmanus does not know what happened with the phone, nor what is reflected by the cell phone records. That something happened once in an uncontrolled, unsubstantiated manner is not a basis for an opinion of an expert, much less a reason to send that information to the jury. This brings back the plot of 12 Angry Men. That was a 1957 movie where the jury acquits the defendant of murder based on an experiment conducted during deliberations.[3]

### III. Conclusion.

Defendant moves this Court to reconsider its prior rulings and grant a new trial based on the improper admission of the expert testimony and the improper prejudicial effect it had on the jury.

Respectfully submitted,

/s/ Brock Benjamin
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
609 Myrtle Ave, Suite B
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 24th day of July, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants:

/s/ Brock Benjamin
BROCK BENJAMIN

---

[3] Counsel here does not know if that did not happen here. Maybe the jury did the same experiment as TFO Weir and decided to convict on their own cell phones?