IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITES STATES OF AMERICA,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　No. 2:22-cr-01561-MIS

**MICHAEL RIVERA,**

    **Defendant.**

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE JUDGE OF SAID COURT

    Comes now, Michael Rivera, by and through his attorney of record and files this his objection to the probation's presentence report in this matter. The report in this matter relies on enhancements and the United States' Attorney's use of the Indictment to improperly enhance the defendant's sentence and violate his right to a fair sentence under the United States' Constitution's due process in the 5th Amendment, and 8th Amendment. In support of the objections the undersigned would show the following:

**Legal Objections-**

    **Paragraphs 32, 39 page 9, Adjustment for Obstruction of Justice-**

    Counsel understands that this adjustment to be based on paragraph 18's "Rivera instructed the victim to delete the images and videos as well as their text messages." Defendant objects to this enhancement that is based solely on the statement of the complainant ("CW") in this matter. There is nothing apart from her testimony that suggests this occurred. The CW in this case denied that the offense occurred during her first interview. It is entirely plausible based on the state of the

evidence that the CW returned home, deleted the texts and images after the initial safe-house video. The statement that is self-serving now that the defendant told her to, is not based on any separate or reliable information. As such it is double counting, bolstering and further a direct inference against the defendant's right to remain silent under the 5th Amendment.

**Paragraphs 29, 36- Use of a computer-**

This adjustment is not supported by any empirical data. Further, the Department of Justice has recognized that this enhancement is not helpful. In a 2013 letter to the Sentencing Commission the DOJ represented that- "Because the vast majority of child pornography offenses now involve the use of a computer, this SOC should be eliminated…" See letter attached at page 3. Defendant suggests that this entire offense was built on technology and to adjust upwards 2 levels for use of a computer is not empirical, double counting and similar to charging someone in a possession of child pornography case to using a camera.[1] Much like DOJ represented in 2013, this SOC has passed its time.

**Paragraph 45- Repeat and dangerous sex offender-**

This adjustment is a Congressional mandate and interference with the judicial process. This guideline was added in 2001. That is a Legislative intrusion onto a Judicial act that is not supported by any judicial fact finding. In doc. 71 the United States represented that "Rivera's grooming of CW and his sexually abusing CW a mere few months prior to the charged offenses is properly admissible as intrinsic evidence as it is inextricably intertwined with the charged conduct. "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode…" It is wholly improper and a violation of constitutional due process to allow the United States to

---

[1] Prior to a camera there could be no production of child pornography. There may be a different offense, but not production. Here, the entire case came from the CW's phone.

bring in acts and suggest that they are all "intrinsic" evidence and then raise a sentence based on a "pattern". Intrinsic evidence is part of the same course and conduct. A pattern is something that is repetitive. This is double counting, violative of due process and simply a desire to withhold due process on an individual that was improperly convicted of a sexual offense.

### **Paragraph 26, 33, 41- Objection to multiple counting of one act-**

Defendant reiterates his prior objection that the government's evidence if believed illustrates a single concerted sexual abuse of a minor. Contorting guidelines to artificially create a separate harm is a legal fiction. This is double counting, and violative of due process.

### **Objection to assertion of a trial penalty-**

The United States in this matter made a pretrial offer of 10 years. The defendant has a Constitutional right to a jury trial based on the 6th Amendment to the United States Constitution. Defendant objects that the assertion of a Constitutional right should subject him to a life sentence. That is violative of the 6th and 8th Amendments respectively.

Respectfully submitted,

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
609 Myrtle Ave, Suite B
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail:  brock@brockmorganbenjamin.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 28th day of September, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants:

/s/ *Brock Benjamin*
BROCK BENJAMIN