**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

v.                                                              No. 2:22-cr-01561-MIS-1

MICHAEL RIVERA,

     Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
UNDER RULE 29 OR, ALTERNATIVELY, MOTION FOR A NEW TRIAL UNDER
RULE 33**

     **THIS MATTER** is before the Court on Defendant Michael Rivera's Motion for Judgment of Acquittal Under Rule 29 or, Alternatively, Motion for a New Trial Under Rule 33, ECF No. 147. The United States filed a Response, ECF No. 150, to which Defendant did not reply. Upon due consideration of the parties' submissions, the record, and the relevant law the Court will **DENY** the Motion.

## I.       BACKGROUND

     The underlying details of this case do not require recounting in full. The following facts are those relevant for the purposes of Defendant's Indictment, conviction, and the Motion before the Court.

     In December 2021, Defendant encouraged Jane Doe, the minor daughter of his girlfriend, to send him pornographic images of herself, which she did. On June 27, 2023, a Grand Jury sitting in the District of New Mexico returned a superseding indictment charging Defendant with one count of Coercion and Enticement of a Minor and two counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2422(b) and 2251(a). ECF No. 120.

     At trial, the Government introduced testimony from Jane Doe, who testified in relevant part that she had produced and sent pornographic images of herself to the Defendant's cell phone

at his urging. The Government was unable to access Defendant's phone, but introduced into evidence records from Defendant's cell phone provider, Verizon, demonstrating that Defendant had phone calls with and received images from Jane Doe during periods consistent with Doe's testimony. Gov. Ex. No. 24. The Government also retrieved and introduced into evidence images sent from Jane Doe's phone depicting child pornography.

At trial, the United States called three expert witnesses: (1) Max Weir, a Homeland Security Investigation Task Force Officer and expert witness in the forensic examination of electronic devices; (2) Daniel O'Donnell, a Supervisory Special Agent with the Federal Bureau of Investigation (F.B.I.) and expert witness in grooming behaviors and dynamics; and (3) Sean McManus, an F.B.I. Special Agent and expert in phone analysis and digital records. Defendant submitted challenges to each witness, ECF Nos. 89-91, all of which were denied by the Court, ECF No. 134.

One issue at trial was the fact that the size and file types of images taken from Doe's phone depicting child pornography were distinct from the file types that Verizon's cellular records showed Defendant receiving from Doe. *See* Gov. Ex. No. 24. To address this discrepancy, the Government's expert witness, Special Agent McManus, testified that images sent over the Verizon network frequently change file type during the transmission process between phones. Transcript of Expert Witnesses Sean McManus and Max Weir's Testimony on July 10, 2023 ("Transcript") at 61, 90-91.[1]

Task Force Officer Weir also testified about an experiment he conducted for the purposes of the trial, in which he texted an image to his son—over the Verizon network—and checked the size and file type of that image both prior to and after sending the image. Tr. at 114-15, 122-23.

---

[1] The transcript of witness testimony cited throughout this Order is a rough draft received from the clerk of court's office. As such, the final draft of the transcript may have different pagination than the version referred to here.

Officer Weir testified that the file type of the image had changed during transmission. *Id.* This testimony was used to corroborate the Government's argument that the images taken by Jane Doe were the same as those received by Defendant, despite their being different file types.

On July 11, 2023, the jury returned a verdict finding Defendant guilty of all three counts. Defendant now seeks relief under two distinct Federal Rules of Criminal Procedure: (1) Rule 29, governing judgments of acquittal, and (2) Rule 33, governing motions for a new trial. ECF No. 147 at 1.

## II.   DISCUSSION

Defendant argues that: (1) Agent McManus's testimony violated Federal Rule of Evidence 702, (2) Agent McManus's testimony was more prejudicial than probative, and (3) Officer Weir's testimony about his experiment was more prejudicial than probative. ECF No. 147 at 3-5. Defendant does not, however, connect his arguments to the requirements for obtaining relief under either Rule 29 or Rule 33 (discussed *infra* Sections II.B-C). The Court thus analyzes Defendant's challenges individually before applying the standard applicable under each Rule.

### A.  Defendant's Specific Challenges

#### i.      Defendant's FRE 702 Challenge Fails

Federal Rule of Evidence 702 provides the basis for the *Daubert* test, which governs the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). That test requires the district court to ensure that such testimony 1) has "a reliable basis in the knowledge and experience of [the expert's] discipline," and 2) is "relevant to the task at hand." *Daubert*, 509 U.S. at 592, 597. Trial judges have "broad latitude" to determine whether expert testimony meets the *Daubert* standard. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999).

Defendant filed an initial *Daubert* challenge to Agent McManus's testimony prior to trial, ECF No. 89, which the Court denied, ECF No. 134. The Court adopts its prior findings on that issue. *See id.* In the instant Motion, Defendant again alleges that Agent McManus's testimony was violative of Rule 702, claiming that the Agent "solely testif[ied] about an opinion that he had received based on information provided from a Verizon employee."[2] ECF No. 147 at 3.

This allegation is refuted by the record. The cell phone records at issue were provided to Agent McManus for extensive review and were used to compile a report on the contacts between Defendant's cell phone and Jane Doe's cell phone. Tr. at 28. Further, Agent McManus repeatedly referenced his training and experience in the field of cell phone record interpretation at trial. Tr. at 21, 40. Agent McManus also testified as to his familiarity with academic literature discussing files changing format during transmission between phones.  Tr. at 62.

In sum, Agent McManus's testimony was not predicated solely on the statements provided to him by a Verizon employee. Rather, Agent McManus's testimony reflected his own training and analysis of the underlying documents at issue in *addition* to his conversation with a Verizon employee. Defendant's Rule 702 challenge to that testimony thus fails.

### ii.      Defendant's Rule 403 Challenge Fails

---

[2] The Court notes that the government's introduction of a non-testifying Verizon employee's statements—by way of Special Agent McManus's testimony as to what that employee told him, Tr. at 92—presents potential issues under both the Confrontation Clause and Federal Rule of Evidence 802.

Defendant, however, has never raised this issue, and it is not the Court's role to serve as the architect of a defendant's trial strategy. *See United States v. Ybarra Cruz*, 982 F.3d 1284, 1295 (10th Cir. 2020); *see also United States v. Tyson*, 653 F.3d 192, 212 (3d Cir. 2011) ("A defendant's strategy is his own. It is not for the district court to *sua sponte* determine which defenses are appropriate under the circumstances.").

Further, in ruling on motions made pursuant to Rule 33, district courts do not have the authority to grant such motions on grounds not expressly raised by the defendant. *See United States v. Quintanilla*, 193 F.3d 1139, 1148 (10th Cir. 1999). The Court thus declines to *sua sponte* evaluate the propriety of Agent McManus's testimony regarding statements made by the Verizon employee.

4

Construed generously,[3] Defendant's instant Motion argues that Agent McManus's testimony violated Federal Rule of Evidence 403. ECF No. 147 at 4. Rule 403 enables the Court to exclude relevant evidence if its probative value is substantially outweighed by the "danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Excluding testimony on Rule 403 grounds is "an extraordinary remedy [that] should be used sparingly." *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014).

Applying Rule 403 here, the Court does not find that Agent McManus's testimony meets the high bar justifying exclusion. First, Agent McManus's testimony was highly probative in that it directly addressed a fact relevant to the Government's case—specifically, that the pictures sent by the victim were the same as those received by Defendant. Second, Defendant does not appear to address the testimony's prejudicial effect, but rather challenges its foundation. ECF No. 147 at 4 ("[Agent McManus's] opinion on a highly contested and material issue consisted of an unsupported 'possibly'.") The Court cannot find that the amorphous, unidentified prejudice alleged by Defendant outweighs the testimony's obvious probative value.

### iii.     Officer Weir's Experiment Was Admissible

Defendant also challenges the admission of Task Force Officer Weir's testimony about his self-conducted experiment, wherein Officer Weir sent a family member a picture over the Verizon

---

[3] Defendant's Motion does not articulate an argument responsive to the legal standard required by Rule 403, which allows courts to exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In fact, Defendant at no point references Rule 403.

Rather, Defendant simply regurgitates his FRE 702 challenges to Special Agent McManus's expert qualifications. To this point, Defendant's reliance on the Tenth Circuit's holding in *United States v. Medina-Copete* is wholly inapposite. 757 F.3d 1092 (10th Cir. 2014). In that case, the Tenth Circuit expressly *declined* to rule on a defendant's Rule 403 objections. *Id.* at 1105.

network and checked the file type both before and after sending the relevant image. Tr. at 123-24. Officer Weir testified that the file type of the image changed in the transmission process. *Id.*

Generally, admitting out-of-court experiments into evidence requires a similarity of circumstances and conditions between the tests and the subject of litigation. *See Gilbert v. Cosco Inc.,* 989 F.2d 399, 402 (10th Cir. 1993); *see also United States v. Birch*, 39 F.3d 1089, 1092 (10th Cir. 1994) (*inter alia*, reiterating the principle in the criminal context). An exception exists when experiments are introduced solely to illustrate principles used to form an expert opinion. *Gilbert*, 989 F.2d at 402. "In such instances, strict adherence to the facts is not required . . . . Furthermore, when experiments do not simulate the actual events at issue, the jury should be instructed that the evidence is admitted for a limited purpose or purposes." *Id*. (cleaned up).

Officer Weir's testimony is not subject to the expert-opinion exception. Officer Weir did not testify about the experiment in his role as an expert, as was readily admitted by the Government in introducing such testimony. Tr. at 111. As such, the circumstances of Officer Weir's experiment were required to be factually similar to the underlying set of facts at issue for his testimony to be admissible.

The Court finds that the circumstances of Officer Weir's experiment *were* sufficiently similar to those at issue to allow for the admission of Officer Weir's experiment testimony. Notably, Officer Weir's testimony was not offered to demonstrate that the images sent by Doe were those received by Defendant. Rather, Officer Weir's experiment was offered in support of the Government's limited theory that images sent from one phone to another across the Verizon network could change file type in the transmission process. For the experiment to be factually similar to the point of admissibility, Officer Weir needed only to testify that he sent images from

6

one phone to another across the Verizon network (regardless of the outcome of his experiment). Officer Weir testified exactly to that set of facts, and his testimony was thus admissible.

**B. Defendant's Rule 29 Challenge Fails**

Rule 29 provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Defendants advancing Rule 29 challenges "bear[] a heavy burden." *United States v. Almaraz*, 306 F.3d 1031, 1040 (10th Cir. 2002). Courts reviewing Rule 29 motions do not engage in an independent factfinding process of weighing evidence or evaluating the credibility of witnesses. Rather, in ruling on a motion for judgment of acquittal, the court asks only "whether, taking the evidence— both direct and circumstantial, together with reasonable inferences to be drawn therefrom—*in the light most favorable to the government*, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Baldridge*, 559 F.3d 1126, 1134 (10th Cir. 2009) (emphasis added).

At trial, the Government introduced a wealth of evidence in support of its claims, including firsthand testimony from Jane Doe, a plethora of exhibits demonstrating the telephonic contact between Defendant and Doe (even if the specific content of those messages was disputed), and the testimony of expert witnesses, to include testimony unchallenged by Defendant in the present instance about the process of "grooming" minors for sexual molestation.

Taken in sum, the evidence presented at trial provided sufficient grounds for a reasonable jury to "find the defendant guilty beyond a reasonable doubt." *Baldridge*, 559 F.3d at 1134. Indeed, even *if* this Court had excluded all the evidence challenged by Defendant in the instant Motion (which it does not), the weight of the additional, unchallenged evidence alone could have

supported a reasonable jury's finding of "guilty."  The Court therefore denies Defendant's Rule 29 Motion.

**C. Defendant's Rule 33 Challenge Fails**

Contrasted with Rule 29, courts reviewing motions for a new trial under Rule 33 have broader discretion. Under Rule 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When considering a Rule 33 motion, courts are generally "free to weigh the evidence and assess witness credibility." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999).

Errors sufficient to require reversal on appeal also provide adequate grounds for granting a new trial. *See e.g., United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000), *aff'd*, 28 F. App'x 902 (10th Cir. 2001). Individual errors, if "harmless," do not justify reversal. *United States v. Rivera,* 900 F.2d 1462, 1469 (10th Cir. 1990). Multiple "harmless" errors, however, may warrant a new trial under the "cumulative error" doctrine, which considers whether the defendant's substantial rights were affected by the cumulative effect of the harmless errors. *See United States v. Barrett*, 496 F.3d 1079, 1121 (10th Cir. 2007).

Generally, Rule 33 motions are "regarded with disfavor," *Quintanilla* 193 F.3d at 1146, and should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict[,]" *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994).

Defendant has failed to satisfy his burden of proving he is entitled to a new trial under Rule 33. In fact, Defendant would not be entitled to a new trial even if the Court were to disallow the specific evidence challenged by Defendant in the instant Motion. Over the course of the trial, the Government presented the jury with a wealth of evidence demonstrating Defendant's guilt, ranging from the victim's firsthand testimony to authenticated cell phone records. Considering the

8

aggregation of the evidence against Defendant presented at trial, the interests of justice do not

mandate a new trial under Rule 33.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal Under Rule 29

or, Alternatively, Motion for a New Trial Under Rule 33, ECF No. 147, is **DENIED**.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE