IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITES STATES OF AMERICA,

   Plaintiff,

v.                       No. 2:22-cr-01561-MIS

MICHAEL RIVERA,

   Defendant.

**DEFENDANT'S SENTENCING MOTION**

TO THE HONORABLE JUDGE OF SAID COURT:

  Comes now, MICHAEL RIVERA, Defendant in the above-styled and numbered cause, by and through his attorney of record, BROCK BENJAMIN, and submits the following Sentencing Memorandum and for grounds would show the Court as follows:

> We can't lose sight of the fact that when you imprison somebody for ten years, fifteen years, twenty years, there's a human toll that should not be ignored in the process. And in fact when you put somebody in jail for that length of time, you take away all hope. And out of that a great despair arises. —Judge Theodore McKee, U.S. Circuit Court Judge.[1]

  The Pre-Sentence Report in this case in paragraph 81 and 82 discusses the statutory and guideline sentences. These sentences are extreme. The offer pre-trial in this matter was approximately a mere 10 years.

  The United States code 18 U.S.C. § 3553(a) lists factors that the Court is to take into consideration when sentencing a defendant. A word search of that statute does not return the term

---

[1] See Margaret Colgate Love, *Sentence Reduction Mechanisms in a Determinate Sentencing System: Report of the Second Look Roundtable*, 21 Fed. Sent'g Rep. 211, 219 (2009).

"trial." Defendant would submit that is because the 6th Amendment to the United States Constitution makes that a right available to a defendant like Michael Rivera when he is presented with an allegation that he disagrees with. He can and should be able to seek an answer from a jury of his peers without being punished for that exercise.

The 10th Court of Appeals has dealt with an argument regarding higher sentences post trial in *United States v. Portillo-Valenzuela*, 20 F.3d 393 (10th Cir. 1994). In that case the Defendant challenged the lack of acceptance of responsibility under the sentencing guidelines. There the Court stated-

> "denying the reduction for acceptance of responsibility is not a penalty for exercising any rights. The reduction is simply a reward for those who take full responsibility. Therefore the court may constitutionally deny the reduction if the defendant's exercise of a constitutional right is inconsistent with acceptance of responsibility. See United States v. Gordon, 4 F.3d 1567, 1573 (10th Cir. 1993) (holding that denying reduction for acceptance of responsibility is not an unconstitutional penalty for exercising Fifth Amendment rights); United States v. Jones, 997 F.2d 1475, 1477 (D.C. Cir. 1993) (explaining that withholding leniency does not penalize defendant for exercising right to trial), cert. denied, ___ U.S. ___, 114 S.Ct. 741, 126 L.Ed.2d 704 (1994); United States v. Rogers, 921 F.2d 975, 982-83 (10th Cir.) (stating that denying downward adjustment does not penalize exercise of Fifth Amendment rights), cert. denied, 498 U.S. 839, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990); cf. Corbitt v. New Jersey, 439 U.S. 212, 223, 99 S.Ct. 492, 499, 58 L.Ed.2d 466 (1978) (holding that state may constitutionally reduce sentences for those who plead guilty)"

This is not the argument that Mr. Rivera is making here. Here, Mr. Rivera is arguing that the guidelines lump all defendants who have gone to trial into the same bucket or guideline. This is clearly not where he was when the plea offer in the case was 10 years. That was an offer made to him after the government knew all of the facts and circumstances of this particular case.

Now post trial he is not eligible for a 10 year sentence, only a 15 year sentence.[2] However, there is nothing that has changed in his case from the original indictment in Dkt. 16. In fact, Dkt.

---

[2] Counts 2 and 3 of the indictment have a 15 year mandatory minimum.

16 had a total of 8 counts alleged. The superseding indictment that was filed immediately prior to trial had 3 counts. The defendant is being punished with the penalty of trial in this case simply because the defendant asserted his constitutional right to trial. The PSR's calculation and the governments filings' show this. Nothing more, nothing less.

The National Criminal Defense Lawyers Association (NACDL) has provided a paper addressing this topic called the "Trial Penalty Report."[3] This report outlines the differences between trials and pleas. Much like cases here where a defendant asserts his constitutional right to be presumed innocent, he's faced with a choice of 10 years or life post trial. NACDL has a figure showing the different sentence between plea and sentencing. *See Figure 1 pg. 20*. In fact, cases like the instant one would have been unconstitutional under prior Supreme Court law. *See Walker v. Johnston, 312 U.S. 275, 279-86 (1941)*. However, as we all know, that has now become bad law and the norm is you face a PSR that is many times greater than your pre-trial sentence if you choose to use the Court and face your accuser by way of a jury.

Defendant files this motion seeking a fair and just sentence that is sufficient but not greater than necessary and suggests that sentence is the minimum sentence allowable at 15 years.

                                              Respectfully submitted,

                                              */s/ Brock Benjamin*
                                              BROCK BENJAMIN
                                              Attorney for Defendant
                                              New Mexico Bar No. 141535
                                              609 Myrtle Ave, Suite B
                                              El Paso, Texas 79901
                                              Tel: 915-412-5858
                                              Fax: 915-503-2224
                                              E-Mail:  brock@brockmorganbenjamin.com

---

[3] https://www.nacdl.org/getattachment/95b7f0f5-90df-4f9f-9115-520b3f58036a/the-trial-penalty-the-sixth-amendment-right-to-trial-on-the-verge-of-extinction-and-how-to-save-it.pdf

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this the 20th day of October, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants:

                                                /s/ *Brock Benjamin*
                                                BROCK BENJAMIN